Filed 7/20/22  Turner v. U.S. Bank Nat. Assn. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| EDDIE TURNER,<br><br>        Plaintiff and Appellant.<br><br>    v.<br><br>U.S. BANK NATIONAL ASSOCIATION et al.,<br><br>        Defendants and Respondents. | B304804<br><br>(Los Angeles County Super. Ct. No. BC600838) |

APPEAL from the order of the Superior Court of Los Angeles County, Michael P. Linfield, Judge.  Affirmed.

Eddie Turner, in pro. per., for Plaintiff and Appellant.

Fidelity National Law Group and Peter J. Veiguela for Defendant and Respondent U.S. Bank National Association.

Troutman Pepper Hamilton Sanders, Justin D. Balsar, and Katalina Bauman for Defendant and Respondent Nationstar Mortgage LLC.

_____

Eddie Turner appeals from an order of dismissal granting the summary judgment motion filed by U.S. Bank National Association and joined by Nationstar Mortgage LLC.[1]  In 2016 Turner filed a lawsuit against U.S. Bank, Nationstar, and others for quiet title and related claims arising from the 2015 foreclosure and sale of Turner's property in Altadena.  U.S. Bank asserted multiple bases for its motion, including that Turner's causes of action were barred by claim preclusion because the trial court entered judgment after sustaining a demurrer in a 2012 wrongful foreclosure action filed by Turner with respect to the same property.  The trial court agreed and granted U.S. Bank's summary judgment motion.

On appeal, Turner contends the trial court erred in granting the motion because a criminal jury found the 2007 deeds of trust on which U.S. Bank had commenced foreclosure proceedings were forged.  Turner has failed to meet his burden on appeal to show the trial court erred in rejecting this contention. We affirm.

## BACKGROUND AND PROCEDURAL HISTORY

A.    *The Deeds of Trust and Turner's Default*

On January 20, 2005 Turner obtained an $896,000 loan from Countrywide Home Loans, Inc. secured by a deed of trust recorded on his residential property in Altadena.[2]  On August 25,

---

[1]    For ease of reference, we refer to the motion as U.S. Bank's summary judgment motion.

[2]    The factual summary is taken from documents judicially noticed by the trial court.

2

2005 Turner obtained a $250,000 home equity line of credit from Countrywide secured by a second deed of trust recorded on the Altadena property.

On March 22, 2007 Turner refinanced both loans and obtained a $1 million loan and a $218,000 home equity line of credit (the 2007 loans) from Countrywide secured by two new deeds of trust recorded on the Altadena property. Turner claims he owns the Altadena property unencumbered because the 2005 deeds of trust were reconveyed in 2007 and he never signed the 2007 deeds of trust.

In 2008 Turner defaulted on the $1 million loan. In May 2008 the trustee recorded a notice of default, and in August a notice of trustee sale.

B.    *Turner's Chapter 7 Bankruptcy and Assignment of the 2007 Deeds of Trust*

On May 4, 2009 Turner filed a Chapter 7 bankruptcy petition. Under Schedule D (listing creditors holding secured claims), Turner listed the 2007 loans secured by the Altadena property in the amounts of $1,014,000 and $217,000, and he identified Countrywide as the creditor. Turner did not check the column on the schedule labeled "disputed."

On March 11, 2010 Bank of America N.A.[3] assigned to U.S. Bank the 2007 deed of trust securing the $1 million loan. The assignment was recorded on April 1, 2010. The United States Bankruptcy Court later granted U.S. Bank's uncontested motion for relief from the automatic stay and allowed U.S. Bank to conduct a foreclosure sale. On January 27, 2011 Bank of America

---

[3]    Bank of America acquired Countrywide in 2008.

3

assigned the 2007 deed of trust securing the $218,000 loan to U.S. Bank. The second assignment was recorded on January 31, 2011.

C.     *Turner's 2012 Action Against Bank of America*

In April 2012 Turner filed a complaint against Bank of America, Countrywide, and others alleging causes of action for fraud, fraud by conspiracy, and false certification of acknowledgement. (*Turner v. Stewart* (Super. Ct. Los Angeles County, 2012, No. GC049341).) The operative verified second amended complaint alleged Turner obtained a loan from Countrywide in 2005 to purchase the Altadena property. In March 2007 Countrywide employee Jeffrey Gleason, notary public Marlene Stewart, and real estate agent Allen Shay "agreed to forge documents in order to refinance [Turner's] 2005 Mortgage and split the commission." The 2005 loan was refinanced without Turner's knowledge. Turner denied that in 2007 he applied for a loan or signed a deed of trust. In 2008 Turner's "loans fell into default which resulted in [Turner] seeking bankruptcy protection in May 2009." After Turner's discharge from bankruptcy, he applied for a loan modification with Bank of America. He did not learn about the fraudulent 2007 deed of trust until approximately August 2011. Turner sought "cancellation of the 2007 Mortgage instrument fraudulently placed on" the Altadena property, "preliminary and permanent injunctive relief against foreclosure" on the property, damages, and attorneys' fees and costs.

The defendants demurred to the second amended complaint. On December 20, 2012 the trial court sustained the demurrer without leave to amend based on the three-year statute

4

of limitations and Turner's judicial admissions in his bankruptcy case. On January 14, 2013 the trial court entered judgment in favor of the defendants and expunged the lis pendens that Turner had recorded on the Altadena property. Division Three of the Second Appellate District affirmed, concluding all of Turner's claims were barred by the three-year statute of limitations for fraud because in 2008 he was sent the notice of default, but he did not file his lawsuit until 2012. (*Turner v. Bank of America Corporation* (July 21, 2015, B247883) [nonpub. opn.].)

D.   *The Foreclosure*

On July 24, 2014 the trustee recorded a notice of default, and on January 6, 2015 a notice of trustee's sale, both on behalf of U.S. Bank. On February 19, 2015 U.S. Bank purchased the Altadena property at a public auction. On March 12, 2015 U.S. Bank recorded the trustee's deed upon sale. On April 16 U.S. Bank sold the Altadena property to Arin Capital & Investment Corp., which sold the property a year later to Marcus Jackson Williams and Glory Star Curtis.[4] The grant deed was recorded on August 5, 2016.

E.   *The Criminal Case*

On May 1, 2014 the Los Angeles County District Attorney's Office filed a felony complaint against Turner alleging four counts of grand theft committed against Countrywide and Bank of America in 2005 and 2007 (Pen. Code, § 487, subd. (a)), five counts of procuring and offering a false or forged instrument in

---

[4]   Turner did not name Williams and Curtis as defendants in this action.

5

2005, 2007, and 2012 (*id.*, § 115, subd. (a)), and one count of perjury by declaration (*id.*, § 118, subd. (a)) based on Turner's 2012 signature under oath on the verified complaint in *Turner v. Bank of America* (Super. Ct. Los Angeles County, 2012, No. GC049341).

Following a trial, the jury found Turner guilty on all counts. On April 5, 2016 the trial court sentenced Turner to an aggregate term of eight years eight months in state prison. Division One of this district affirmed. (*People v. Turner* (July 22, 2019, B272452) [nonpub. opn.].) The court found substantial evidence supported the convictions because, among other facts, Turner appeared before a notary and signed the 2007 deeds of trust, and he "knew the allegations in the complaint were false at the time he signed the verification."

F.      *This Action*

On November 16, 2015 Turner filed a complaint against U.S. Bank, Nationstar (the mortgage servicer), and Arin Capital. On January 22, 2016 Turner filed the operative first amended complaint alleging causes of action for cancellation of instrument, quiet title, slander of title, and intentional infliction of emotional distress. Turner alleged he "did not have knowledge of and did not sign [the] 2007 Deeds of Trust." (Boldface omitted.) Turner further alleged he reported the forged deeds of trust to the Los Angeles Sheriff's Department, which found "the 2007 Deeds of Trust [were] generated by fraud." The Sheriff's Department forwarded its findings to the Los Angeles County District Attorney's Office, which filed a criminal case based on its documented findings (although Turner does not allege against whom the case was filed).

Turner sought cancellation of the 2007 deeds of trust, the March 2015 trustee's deed upon sale, and the April 2015 grant deed to Arin Capital, and he sought to quiet title based on the purportedly void 2007 deeds of trust. Turner further alleged defendants slandered his title to the Altadena property by publishing and recording the 2014 notice of default, 2015 notice of trustee's sale and trustee's deed upon sale, 2007 deeds of trust, and "Assignment of Rents." Turner also alleged the foreclosure and his subsequent eviction based on "the void Deeds of Trust" caused him to suffer severe emotional distress.[5]

G. *Defendants' Summary Judgment Motion*

On September 30, 2019 U.S. Bank moved for summary judgment or, in the alternative, summary adjudication.[6] U.S. Bank argued the first amended complaint was barred by claim preclusion because each cause of action was based on the same primary right litigated in Turner's 2012 action against Bank of America; U.S. Bank was in privity with Bank of America as the assignee of the 2007 loans and deeds of trust; and there was a final judgment on the merits because the judgment of dismissal was affirmed on appeal. U.S. Bank also argued Turner's causes of action were barred by issue preclusion because the jury in the criminal case rejected Turner's defense that his signatures were forged on the 2007 loans and deeds of trust when it convicted him

---

[5]     On March 23, 2018 the trial court stayed this case until January 18, 2019 because Turner was incarcerated but represented he would be released by December 2018.

[6]     On October 4, 2019 Nationstar filed a joinder in U.S. Bank's motion and its own separate statement of undisputed facts.

of 10 counts of grand theft, recording false documents, and perjury.

U.S. Bank also maintained all causes of action were barred by judicial estoppel because Turner conceded the validity of the 2007 loans and deeds of trusts in his 2009 bankruptcy case and took an inconsistent position in this action.  Further, the cancellation of instruments and quiet title causes of action failed because Turner did not tender the amounts owed at the time of the foreclosure sale; the causes of action for cancellation of instruments, quiet title, and slander of title were barred by the three-year-statute of limitations; the cause of action for intentional infliction of emotional distress was barred by the two-year statute of limitations; U.S. Bank was a bona fide purchaser who bought the Altadena property in good faith; and Turner failed to name the current owners, Williams and Curtis, who were indispensable parties to the quiet title cause of action.

On December 31, 2019 (one week before the hearing) Turner filed an untimely opposition.  Turner argued "[t]he forgery of the 2007 Deed of Trust, Los Angeles County Instrument No. 2007 074 5400, is the basis" for his causes of action for cancellation of instrument, quiet title, slander of title, and intentional infliction of emotional distress.[7]  He asserted "a jury unanimously ruled on March 23, 2016" in his criminal case that the 2007 deed of trust was "forged or fraudulent and not considered recorded because it is not considered genuine." (Italics omitted.)  Turner's opposition included his responses to U.S. Bank's undisputed material facts.  Turner generally "denied

---

[7]     Turner's reference to the 2007 Deed of Trust is to the deed that secured the $1 million loan.

8

as insignificant" or "denied as a falsehood" most of the statements, without providing evidence in response. With respect to the statement that "Turner has conceded by written pleadings in the instant case . . . that he is the same Eddie Turner convicted in the Criminal Case," Turner wrote "fuck you!"

Turner also filed his own separate statement of undisputed material facts in support of his opposition, in which he stated, "Continuing in 2007, two Countrywide FORGED -deeds were illegally recorded against one parcel . . . of the Subject Property . . . by Notary and Escrow Officer Marlene Stewart."[8] Further, "[o]n March 22, 2016 the jury in Case No. BA424226 received jury instruction [CALCRIM] No. 1945 which required the jury to first determine the material fact that a crime took place, which required the jury to first rule that "Deed of Trust 'DOT' 2007 074 5400 was false and not considered genuine. On March 23, 2016, the jury in Case No. BA424226 unanimously ruled that DOT 2007 074 5400 was forged or fraudulent and not considered recorded because it is not considered genuine." (Italics omitted.) Turner did not cite to or submit any evidence to support these statements.

On January 2, 2020 Turner filed a request for judicial notice in support of his opposition seeking judicial notice of the

_____

[8]     In his opening brief Turner includes a single sentence in which he argues the trial court "totally disregarded" and failed to rule on his motion for summary judgment. However, Turner did not file a noticed motion for summary judgment, instead including in the title of his separate statement of undisputed facts that the statement was in the alternative in support of his motion for summary judgment. Further, the document was filed five days before the hearing on the summary judgment motion.

9

trial transcript of Marlene Stewart's March 8, 2016 testimony in the criminal case; a certified copy of People's exhibit No. 21D in the criminal case; a title search of the Altadena property; and records Turner subpoenaed from Nationstar regarding the trustee's sale of the property.[9]  People's exhibit 21D is a document titled "IDENTITY AFFIDAVIT," which contains personal information for the "borrower" on a loan for the Altadena property, including the legal name (Eddie Turner), date of birth, taxpayer identification number, and driver's license number.  The affidavit reflects the borrower signed the document before notary public Marlene J. Stewart, and Stewart notarized the affidavit on March 22, 2007.

H.      *The Trial Court's Ruling on Summary Judgment*

After a hearing, on January 7, 2020 the trial court granted U.S. Bank's summary judgment motion.[10]  In its minute order, the court held claim preclusion barred Turner's causes of action because they were litigated in his 2012 action against Bank of America; U.S. Bank and Nationstar were in privity with Bank of America; and the 2012 action resulted in a final judgment on the merits because the trial court sustained the demurrer without leave to amend and the judgment was upheld on appeal.  The court added, "Even if the Court were not to have found claim

---

[9]      The court granted Turner's request for judicial notice of People's exhibit 21D and the subpoenaed documents from Nationstar, but not the title search.  The trial court took judicial notice that the March 8, 2016 hearing occurred but not "of the truth of any statements made at the hearing."

[10]      In ruling on the summary judgment motion, the trial court considered Turner's untimely opposition.

10

preclusion, Plaintiff's admissions in these two dozen Requests for Admission would require the Court to grant the Motion for Summary Judgment."[11]

On January 24, 2020 the trial court entered an order granting defendants' motion for summary judgment and dismissing Turner's first amended complaint with prejudice. U.S. Bank filed a notice of entry of judgment or order on January 31.

Turner timely appealed.[12]

---

[11] On October 9, 2019 the trial court granted Nationstar's motion to deem the requests for admissions admitted because Turner never responded. Although the trial court considered the deemed admissions in its written ruling, defendants did not move for summary judgment on this basis, and the record does not reflect that Turner was given an opportunity to respond. (*Cordova v. 21st Century Ins. Co.* (2005) 129 Cal.App.4th 89, 109 ["summary judgment may not be granted on a ground not asserted by the moving party without giving the opposing party an opportunity to respond"]; *Juge v. County of Sacramento* (1993) 12 Cal.App.4th 59, 70 ["when the trial court grants a summary judgment motion on a ground of law not explicitly tendered by the moving party, due process of law requires that the party opposing the motion must be provided an opportunity to respond to the ground of law identified by the court and must be given a chance to show there is a triable issue of fact material to said ground of law"].)

[12] Turner appeals from the order granting summary judgment and dismissing his first amended complaint with prejudice. U.S. Bank notes an order granting summary judgment is not appealable. Although the trial court did not enter a judgment based on its summary judgment ruling, the dismissal order signed by the court constitutes a final appealable judgment. (See

11

## DISCUSSION

A.  *Standard of review for summary judgment*

Summary judgment is appropriate only if there are no triable issues of material fact and the moving party is entitled to judgment as a matter of law.  (Code Civ. Proc., § 437c, subd. (c); *Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618 (*Regents*); *Doe v. Roman Catholic Archbishop of Los Angeles* (2021) 70 Cal.App.5th 657, 668.)  "'"'"We review the trial court's decision de novo, considering all the evidence set forth in the moving and opposing papers except that to which objections were made and sustained.'" [Citation.]  We liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party.'"'" (*Hampton v. County of San Diego* (2015) 62 Cal.4th 340, 347; accord, *Doe*, at p. 669; *Valdez v. Seidner-Miller, Inc.* (2019) 33 Cal.App.5th 600, 608.)

A defendant moving for summary judgment has the initial burden of presenting evidence that a cause of action lacks merit because the plaintiff cannot establish an element of the cause of action or there is a complete defense.  (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 853; *Valdez v. Seidner-Miller, Inc., supra,* 33 Cal.App.5th at

Code of Civ. Proc., § 581d ["All dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action and those orders when so filed shall constitute judgments and be effective for all purposes . . . ."]; *Ward v. Tilly's Inc.* (2019) 31 Cal.App.5th 1167, 1173, fn. 3 ["The dismissal order was a 'written order signed by the court and filed in the action' and, thus, is appealable."].)

12

p. 607.) If the defendant satisfies this initial burden, the burden shifts to the plaintiff to present evidence demonstrating there is a triable issue of material fact. (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar*, at p. 850; *Luebke v. Automobile Club of Southern California* (2020) 59 Cal.App.5th 694, 702-703.) We must liberally construe the opposing party's evidence and resolve any doubts about the evidence in favor of that party. (*Regents, supra*, 4 Cal.5th at p. 618; *Valdez*, at p. 608.) But "[t]he plaintiff . . . shall not rely upon the allegations or denials of its pleadings to show . . . a triable issue of material fact exists but, instead, shall set forth the specific facts showing that a triable issue of material fact exists." (Code Civ. Proc., § 437c, subd. (p)(2); accord, *Roman v. BRE Properties, Inc.* (2015) 237 Cal.App.4th 1040, 1054 ["It is fundamental that to defeat summary judgment a plaintiff must show 'specific facts' and cannot rely on allegations of the complaint."]; *Regional Steel Corp. v. Liberty Surplus Ins. Corp.* (2014) 226 Cal.App.4th 1377, 1388.)

B.      *Turner Fails To Show the Trial Court Erred in Granting Summary Judgment*

Turner does not contend the trial court erred in granting summary judgment based on claim preclusion or Turner's deemed admissions. He has therefore forfeited any challenge to the summary judgment ruling on these two grounds. (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 363 ["If a party's briefs do not provide legal argument and citation to authority on each point raised, '"the court may treat it as waived, and pass it without consideration."'"]; *Golden Door Properties, LLC v. County of San Diego* (2020) 50 Cal.App.5th 467, 554-555

13

[‘"Even when our review on appeal "is de novo, it is limited to issues which have been adequately raised and supported in [the appellant's opening] brief. [Citations.] Issues not raised in an appellant's brief are deemed waived or abandoned.""']; *In re Marriage of Davila & Mejia* (2018) 29 Cal.App.5th 220, 227 [‘"Issues not supported by citation to legal authority are subject to forfeiture."'].)[13]

Turner's sole contention on appeal is that the trial court erred in granting summary judgment because the jury in the criminal trial found the 2007 deed of trust securing the $1 million loan was forged or fraudulent.[14] Had the jury found Turner was the victim of forged or fraudulent deeds of trust, Turner would have had a strong argument on summary judgment (assuming his claims were not barred by the statute of limitations). But as U.S. Bank's evidence showed, Turner was convicted of 10 counts of grand theft, procuring and offering a false or forged instrument, and perjury, with many of the counts relating to the 2007 loans and deeds of trust. Specifically, the felony complaint alleged Turner committed grand theft against Countrywide and

---

[13] We acknowledge a self-represented litigant's understanding of the rules on appeal are, as a practical matter, more limited than an experienced appellate attorney's. Whenever possible, we do not strictly apply technical rules of procedure in a manner that deprives litigants of a hearing. But we are required to apply the rules on appeal and substantive rules of law to a self-represented litigant's claims on appeal, just as we would to those litigants who are represented by trained legal counsel. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.)

[14] Although Turner's complaint is based on the allegation both 2007 deeds of trust were forged or fraudulent, on appeal he focuses on the deed of trust securing the $1 million loan.

14

Bank of America on or about March 30, 2007 (counts 5 and 7); Turner procured and offered a false or forged instrument to be recorded in a public office on or about March 30, 2007 (counts 6 and 8); and Turner committed perjury by declaration by signing the verified complaint in the 2012 action against Bank of America under penalty of perjury (count 9).

As to counts 9 and 10 relating to the 2012 verified complaint, Division One of this district concluded in affirming Turner's convictions, "'[A]though Turner argues all of his convictions must be reversed, he omits any discussion of count 10 related to his filing of a verified complaint alleging he did not participate in obtaining the 2007 refinance loans and did not know about them until December 2011. Substantial evidence demonstrated his verified complaint was false—he participated in a telephone interview with a Countrywide loan consultant for purposes of filling out the applications, his thumbprint appears in the notary journal entry for the transaction, he made payments on the 2007 refinance loans using the specific account numbers, and he listed the account numbers and balances of the 2007 refinance loans on his 2009 bankruptcy petition." (*People v. Turner, supra*, B272452.)

Turner failed to rebut this showing in the trial court, nor could he, providing no response to the statement in U.S. Bank's separate statement of undisputed facts (No. 27) that Turner was convicted by a jury of perjury and multiple counts of grand theft and recording false documents. In his own separate statement Turner stated the jury in the criminal case ruled the 2007 deed of trust securing the $1 million loan was forged or fraudulent, but he cited no evidence in support of this statement. And the two exhibits the trial court judicially noticed did not support Turner's

15

position.  To the contrary, the March 22, 2017 identity affidavit admitted at the criminal trial as People's exhibit 21D identified Turner as the borrower on a loan for the Altadena property and showed Turner signed the affidavit before a notary public (Stewart) on March 22.  This was the same date of the 2007 deeds of trust, and they too were notarized by Stewart.

Turner has therefore failed to affirmatively demonstrate that the trial court erred in granting summary judgment.  (*Los Angeles Unified School Dist. v. Torres Construction Corp.* (2020) 57 Cal.App.5th 480, 492 [""'[D]e novo review does not obligate us to cull the record for the benefit of the appellant in order to attempt to uncover the requisite triable issues.""']; *Abdulkadhim v. Wu* (2020) 53 Cal.App.5th 298, 301 ["'On review of a summary judgment, the appellant has the burden of showing error, even if he did not bear the burden in the trial court.'  [Citation.]  "'As with an appeal from any judgment, it is the appellant's responsibility to affirmatively demonstrate error and, therefore, to point out the triable issues the appellant claims are present by citation to the record and any supporting authority.""'].)

## DISPOSITION

The order of dismissal is affirmed.  U.S. Bank and Nationstar are to recover their costs on appeal from Turner.


FEUER, J.

We concur:


PERLUSS, P. J.


SEGAL, J.